Mark D. Campbell, SBN 180528
mcampbell@sidley.com
Rachel A. Straus, SBN 268836
rstraus@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel. (213) 896-6000
Fax: (213) 896-6600

Attorneys for Defendants Ashley
Furniture Industries, Inc. and Ashley
Homestores, Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUAN ALVAREZ, an individual, on behalf of himself and all others similarly situated; SILVIA RICO, an individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; ASHLEY HOMESTORES, LTD., a Wisconsin corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.2:16-CV-00630<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS: (1) ALL OF PLAINTIFF SILVIA RICO'S CAUSES OF ACTION; (2) PLAINTIFF JUAN ALVAREZ'S FIFTH AND SIXTH CAUSES OF ACTION; (3) PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF**<br><br>Date: March 7, 2016<br>Time: 1:30 P.M.<br>Courtroom No.: 11<br><br>Complaint Filed: December 22, 2015 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

PERTINENT ALLEGATIONS ...........................................................................2

     A.    PLAINTIFF JUAN ALVAREZ..................................................2

     B.    PLAINTIFF SYLVIA RICO .....................................................2

STANDARD...........................................................................................................3

ARGUMENT .........................................................................................................4

I.    PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY.............................................................................4

     A.    PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM NECESSARILY FAILS BECAUSE THE ALLEGED DEFECT DID NOT MANIFEST WITHIN THE FIRST YEAR OF PURCHASE AS REQUIRED BY THE STATUTE ...................................................................................4

     B.    PLAINTIFFS' COMMERCIAL CODE IMPLIED WARRANTY CLAIM AGAINST AFI FAILS FOR LACK OF PRIVITY ...................6

II.    PLAINTIFFS DO NOT STATE A CLAIM FOR UNJUST ENRICHMENT ...........................................................................................6

III.    PLAINTIFFS LACK STANDING TO PURSUE PROSPECTIVE INJUNCTIVE RELIEF .......................................................................7

IV.    PLAINTIFF RICO'S CONCLUSORY FRAUD ALLEGATIONS FAIL TO MEET THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(B) .........................................................................................9

CONCLUSION....................................................................................................10

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

*Ashcroft v. Iqbal*,

6
    556 U.S. 662 (2009).................................................................3

7

*Bell Atlantic Corp. v. Twombly*,

8
    550 U.S. 544 (2007).................................................................3

9

*Brazil v. Dole Food Co., Inc.*,

10
    935 F. Supp. 2d 947 (N.D. Cal. 2013)...................................10

11

*Bruton v. Gerber Prods. Co.*,
    No. 12-cv-02412, 2014 WL 172111 (N.D. Cal. Jan. 15, 2014) .............................10

12

13

*Campion v. Old Rep. Home Protection Co., Inc.*,
    861 F. Supp. 2d 1139 (S.D. Cal. 2012) ...................................8

14

15

*Castagnola v. Hewlett-Packard Co.*,
    No. 11-cv-05772, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ...................7, 8, 9

16

*Clemens v. DaimlerChrysler Corp.*,

17
    534 F.3d 1017 (9th Cir. 2008) .................................................6

18

*Collazo v. Wen By Chaz Dean, Inc.*,

19
    No. 15-CV-01974-ODW-AGR, 2015 U.S. Dist. LEXIS 93474 (C.D. Cal. July 17, 2015)....................................10

20

21

*Daniel v. Ford Motor Co.*,
    No. 13-16476, 2015 WL 7740646 (9th Cir. Dec. 2, 2015) ......................................6

22

23

*Delarosa v. Boiron, Inc.*,
    No. 10-cv-1569, 2012 WL 8716658 (C.D. Cal. Dec. 28, 2012) ............................7

24

25

*Elias v. Hewlett-Packard Co.*,
    903 F. Supp. 2d 843 (N.D. Cal. 2012)......................................5

26

*Grodzitsky v. Am. Honda Motor Co., Inc.*,

27
    No. 12-cv-1142, 2013 WL 2631326 (C.D. Cal. June 12, 2013) ..............................5

28

-1-

*Haddock v. Countrywide Bank, NA*,
   No. 14-cv-6452, 2015 WL 9257316 (C.D. Cal. Oct. 27, 2015) ................................7

*Hall v. Sea World Entertainment, Inc.*,
   No. 15-cv-660, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ...............................10

*Hartless v. Clorox Co.*,
   No. 06-cv-2705, 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007) ................................6

*Hodgers-Durgin v. de la Vina*,
   199 F.3d 1037 (9th Cir. 1999) .....................................................................................7

*Hovsepian v. Apple, Inc.*,
   Nos. 08-cv-5788 & 09-cv-1064, 2009 WL 2591445 (N.D. Cal. Aug.
   21, 2009) ......................................................................................................................5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .............................................................................9, 10

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) .................................................................................................9

*Lucas v. Jos. A. Bank Clothiers, Inc.*,
   No. 14-cv-1631, 2015 WL 2213169 (S.D. Cal. May 11, 2015) ...........................8, 9

*Marchante v. Sony Corp. of Am.*,
   801 F. Supp. 2d 1013 (S.D. Cal. 2011) ..................................................................4, 5

*McVicar v. Goodman Global, Inc.*,
   1 F. Supp. 3d 1044, 1057 (C.D. Cal. 2014) ..............................................................5

*Melchior v. New Line Prods., Inc.*,
   106 Cal.App.4th 779 (2003) .......................................................................................6

*Mexia v. Rinker Boat Co., Inc.*,
   174 Cal. App. 4th 1297 (2009) ...........................................................................4, 5, 6

*Peterson v. Mazda Motor of America, Inc.*,
   44 F. Supp. 3d 965 (C.D. Cal. 2014) ........................................................................5

*Racies v. Quincy Bioscience, LLC*,
   15-cv-00292, 2015 WL 2398268 (N.D. Cal. May 19, 2015) ...................................7

*Razuki v. Equity Residential Mgmt. LLC*,
   No. 15-cv-1057, 2016 WL 337758 (S.D. Cal. Jan. 26, 2016) ..................................7

*Smith v. Allmax Nutrition, Inc.*,
    No. 15-cv-00744, 2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) ............................7

*Surabhi v. Miller*,
    No. 15-cv-1830, 2016 WL 233590 (S D. Cal. Jan. 19, 2016)................................7

*Tietsworth v. Sears*,
    No. 09-cv-00288, 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009)............................5

*Vess v. Ciba-Geigy Corp. U.S.A.*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................9

**Statutes**

Cal. Civ. Code § 1791.1(c) ..................................................................4

California Commercial Code § 2314 ....................................................... 1, 4

# INTRODUCTION

Plaintiffs Juan Alvarez and Sylvia Rico ("Plaintiffs") allege Defendants Ashley Furniture Industries, Inc. ("AFI") and Ashley HomeStores, Ltd. ("AHS") (collectively "Defendants") violated various California consumer protection statutes, committed fraud, violated implied warranties and were unjustly enriched by representing that the fabric on the furniture they purchased was "Durablend," "leather mix" and "blended leather." According to Plaintiffs, based on Defendants' representations they, and the putative class members they seek to represent, "purchased furniture from Ashley with Durablend® upholstery, without knowing the true nature, content, or quality of the upholstery, instead reasonably believing it to be leather and reasonably believing it to of such nature and quality as to hold up to normal wear and tear and not begin to peel or disintegrate within a short period of time." Class Action Complaint ("Compl.") ¶ 16.

Although it is unclear from the Complaint whether Plaintiffs are pursuing a breach of implied warranty claim under California's Song-Beverly Warranty Act statute or the California Commercial Code § 2314, either way Plaintiffs' breach of implied warranty claims are deficient. Plaintiffs do not allege their furniture experienced any manifestation of a defect within one year of their purchase, and consequently, their claim under Song-Beverly's implied warranty provision fails. If Plaintiffs are pursuing a breach of implied warranty claim under the Commercial Code, Plaintiffs' implied warranty claim fails for lack of privity.

Plaintiffs' unjust enrichment claim should be dismissed because California courts have time and time again held that unjust enrichment is not a valid cause of action under California law.

Plaintiffs' request for injunctive relief should be dismissed or struck because Plaintiffs are under no threat of future injury. To the extent Defendants did make any misrepresentations (a fact that Defendants strongly dispute), Plaintiffs are now aware

1   of "the truth" as they perceive it and will not purchase products with Durablend®

2   upholstery again.  Therefore, Plaintiffs have no standing to pursue injunctive relief.

3   Finally, Plaintiff Rico's Violation of the Consumers Legal Remedies Act claim

4   ("CLRA"); Violation of the Unfair Competition Law claim ("UCL"); Violation of the

5   False Advertising Law claim ("FAL"); and Fraudulent Concealment claim must be

6   dismissed because she fails to allege she viewed or relied on *any* representations by

7   Defendants prior to her purchase, as she must, in order to pursue these claims.

8   **PERTINENT ALLEGATIONS**

9   **A.   Plaintiff Juan Alvarez**

10   Alvarez alleges that on or about March 11, 2011, he "purchased from

11   Defendants, at a retail store doing business as 'Town Furniture,' … a sectional sofa

12   and an ottoman, both having brown DuraBlend® upholstery, for approximately

13   $2,000."  Compl. ¶ 5(b).  Alvarez further alleges that he "purchased [the furniture]

14   based on Defendants' representation that the DuraBlend® upholstery was made of a

15   'leather mix' designed to make the upholstery durable."  *Id*.  Alvarez "has

16   continuously owned [the furniture] since he bought it and has continuously kept it in

17   his living room for his and his family's normal course of use."  *Id*. at ¶ 5(c).  Alvarez

18   alleges that in our about early 2013, he "discovered that the DuraBlend® upholstery

19   on [the furniture] was peeling, causing pieces and particles of the top 'leather'- like

20   layer to come off and exposing the underlying material, which was course in texture

21   and off-white in color."  *Id*. at ¶ 5(c).  Alvarez alleges that he complained to

22   Defendants and asked them to rectify the issue, but Defendants refused.  *Id*. at ¶¶ 5(d)-

23   (g).

24   **B.   Plaintiff Sylvia Rico**

25   Rico alleges that on or about July 2, 2011, she purchased "from Defendants, at a

26   retail store doing business as 'Ashley Furniture HomeStore,' … a reclining loveseat

27   and a reclining sofa, both having brown DuraBlend® upholstery for approximately

28   $1,600."  Compl. ¶ 6(b).  Rico does not allege that she purchased the furniture based

-2-

1  on any particular representation by any Defendant.  *See id*. at ¶ 6.  Rico "has

2  continuously owned [the furniture] since she bought it and has continuously kept it in

3  her living room for her and her family's normal course of use."  *Id*. at ¶ 6(c).  Rico

4  alleges that in or about the fall of 2014, she "discovered that the DuraBlend®

5  upholstery on [the furniture] was peeling, causing pieces and particles of the top

6  'leather'-like layer to come off and exposing the underlying material, which was

7  coarse in texture and off-white in color."  *Id*.  Rico alleges that in or about the spring

8  of 2015, she complained to Defendants, but they refused to rectify the situation, and

9  instead offered her gift cards worth $800.  *Id*. at ¶6(d)-(e).

10                                             * * *

11         Plaintiffs filed this class action suit on December 22, 2015 seeking to represent

12  "all persons who purchased furniture with Durablend® upholstery from Defendants in

13  California."  Compl. ¶ 3.

14                              **STANDARD**

15         To survive a motion to dismiss, a complaint must plead facts sufficient to create

16  a "reasonable inference that the defendant is liable for the[] conduct alleged."

17  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint's allegations must rise

18  above the "speculative," "conceivable" or "possible," and instead must "state a claim

19  to relief that is plausible on its face."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

20  544, 545-47 (2007); *see also Iqbal*, 556 U.S. at 678 (explaining that plausibility

21  standard "asks for more than a sheer possibility that a defendant had acted

22  unlawfully").  A complaint must include more "than labels and conclusions . . . a

23  formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550

24  U.S. at 555.  Thus, while well-pleaded allegations of fact are accepted as true, legal

25  conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported

26  by mere conclusory statements" are not.  *Iqbal*, 556 U.S. at 678.

27

28

**ARGUMENT**

## I.   Plaintiffs Fail to State a Claim for Breach of Implied Warranty

It is unclear from the Complaint whether Plaintiffs are pursuing a breach of implied warranty claim under the Song-Beverly Warranty Act or the California Commercial Code.  In the body of the Complaint, Plaintiffs' sixth cause of action is pleaded under the Song Beverly Warranty Act.  However, the sixth bullet in the caption suggests that Plaintiffs are pursuing a claim for "Breach of Implied Warranty of Merchantability" pursuant to California Commercial Code § 2314.  Either way Plaintiffs' Breach of Implied Warranty Claim fails.

### A.   Plaintiffs' Song-Beverly Consumer Warranty Act Claim Necessarily Fails Because the Alleged Defect Did Not Manifest Within the First Year of Purchase As Required By the Statute

Under the Song-Beverly Act, the term of an implied warranty "shall be coextensive in duration with an express warranty which accompanies the consumer goods . . . ***but in no event*** shall such implied warranty have a duration of less than 60 days nor ***more than one year*** following the sale of new consumer goods to a retail buyer.  Where no duration for an express warranty is stated with respect to consumer goods . . . the duration of the implied warranty shall be the maximum period prescribed above."  Cal. Civ. Code § 1791.1(c) (emphasis added).

Here, neither of the named plaintiffs alleges their furniture failed to hold up to normal wear and tear or began "peeling" within their first year of ownership.  To the contrary, Alvarez alleges that he discovered "peeling" in early 2013 (nearly two years **after** his purchase), and Rico alleges she discovered "peeling" "[i]n or about the fall of 2014" (more than three years **after** her purchase).  Compl. ¶¶ 5(c) and 6(c).  Therefore, Plaintiffs' Song-Beverly claims should be dismissed.  *See e.g.*, *Marchante v. Sony Corp. of Am.*, 801 F. Supp. 2d 1013, 1021-22 (S.D. Cal. 2011).

Plaintiffs likely will rely on *Mexia v. Rinker Boat Co., Inc*., 174 Cal. App. 4th 1297 (2009), to argue that the alleged defect was latent and existed at the time of sale, and therefore falls within the Song Beverly Act.  However, *Mexia* has been repeatedly

distinguished, and the cases following the *Mexia* decision increasingly rejected.  The "flaw in *Mexia*'s reasoning is readily apparent: its holding 'renders meaningless any durational limits on implied warranties' as '[e]*very* defect that arises could conceivably be tied to an imperfection existing during the implied warranty period.'" *Grodzitsky v. Am. Honda Motor Co., Inc.*, No. 12-cv-1142, 2013 WL 2631326, at *10 (C.D. Cal. June 12, 2013) (emphasis in original).

   *Peterson v. Mazda Motor of America, Inc.*, 44 F. Supp. 3d 965 (C.D. Cal. 2014), a decision out of the Central District of California, emphasizes this point.  In *Peterson*, the plaintiff alleged that Mazda cars suffered from a latent defect.  *Id*. at 967-68.  The Court noted a split of authority on the *Mexia* issue, with some courts holding that a plaintiff must show that his or her vehicle's alleged defect manifested within the one year warranty period and other courts following *Mexia*.  *Id*. at 970-71.  The court, after previously following the reasoning in *Mexia*, "reconsidered the case law as well as the text of the statute" and decided that "a limited reading of *Mexia* is the more well-reasoned one."  *Id.* at 969-70, 972.  Following the majority of courts that rejected *Mexia*'s reasoning, the court held that, to state a claim under the Song-Beverly Act, a plaintiff must allege that the defect manifested within the one-year warranty period.  *Id.* at 971-72.  Other recent decisions have come to the same conclusion.  *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1057 (C.D. Cal. 2014); *Grodzitsky*, 2013 WL 2631326, at *10-11; *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 852-53 (N.D. Cal. 2012); *Marchante*, 801 F. Supp. 2d at 1021-22 (S.D. Cal. 2011); *Hovsepian v. Apple, Inc.*, Nos. 08-cv-5788 & 09-cv-1064, 2009 WL 2591445, at *8, n.7 (N.D. Cal. Aug. 21, 2009); *Tietsworth v. Sears*, No. 09-cv-00288, 2009 WL 3320486, at *12, n.6 (N.D. Cal. Oct. 13, 2009).

   Here, as in *Peterson* and all of the cases cited above, Plaintiffs did not (and cannot) allege their DuraBlend® furniture began "peeling" or exhibited any other

manifestation of the alleged defect within the Song-Beverly warranty period.  As a result, their Song-Beverly Act claims should be dismissed.[1]

### B. Plaintiffs' Commercial Code Implied Warranty Claim Against AFI Fails For Lack of Privity

A plaintiff cannot state a claim for breach of the implied warranty of merchantability if he does not "stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). A buyer and seller stand in privity if they are in "adjoining links of the distribution chain." *Id*.  For instance, an "end consumer" who buys a product from a retailer is not in privity with a manufacturer.  *Id*.

In this case, Alvarez purchased his furniture "at a retail store doing business as 'Town Furniture'" in La Puente, California.[2]  Compl. ¶5 (b).  Rico purchased her furniture "at a retail store doing business as 'Ashley Furniture HomeStore'" in Long Beach, California.  Compl. ¶6(b).  Because neither Plaintiff purchased their furniture from the manufacturer, AFI, Plaintiffs' breach of implied warranty claim fails as a matter of law.  *See Hartless v. Clorox Co.*, No. 06-cv-2705, 2007 WL 3245260, at *2 (S.D. Cal. Nov. 2, 2007).

## II. Plaintiffs Do Not State a Claim for Unjust Enrichment

The Court should grant Defendants' Motion to Dismiss Plaintiffs' Unjust Enrichment claim because courts have repeatedly held "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 793 (2003); *Razuki v. Equity Residential Mgmt. LLC*, No. 15-cv-

---

[1] A recent Ninth Circuit decision affirmed the portion of the *Mexia* holding that the Song-Beverly Act does not require plaintiffs to discover and report an allegedly covered defect within the one-year window set forth in the statute. *Daniel v. Ford Motor Co.*, No. 13-16476, 2015 WL 7740646 at *3-4 (9th Cir. Dec. 2, 2015). However, the Ninth Circuit did not address the issue with Alvarez and Rico's Song-Beverly claims — whether a defect must manifest within one year of purchase to be covered by the Act.

[2] Alvarez does not allege that "Town Furniture" is affiliated in any way with the named defendants in this case.  For this reason, Alvarez's implied warranty claim against AHS also fails.

1057, 2016 WL 337758, at *3 (S.D. Cal. Jan. 26, 2016) ("California does not recognize unjust enrichment as a cause of action."); *Surabhi v. Miller*, No. 15-cv-1830, 2016 WL 233590, at *5 (S D. Cal. Jan. 19, 2016) (same); *Smith v. Allmax Nutrition, Inc.*, No. 15-cv-00744, 2015 WL 9434768, at *9 (E.D. Cal. Dec. 24, 2015); *Haddock v. Countrywide Bank, NA*, No. 14-cv-6452, 2015 WL 9257316, at *17 (C.D. Cal. Oct. 27, 2015) (same).

## III.    Plaintiffs Lack Standing to Pursue Prospective Injunctive Relief

In a class action, a named plaintiff may not seek relief on behalf of himself or a class member unless he has standing under Article III of the U.S. Constitution.  *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1041-45 (9th Cir. 1999) (affirming summary judgment in favor of class action defendants).  "[A] plaintiff must demonstrate standing separately for each form of relief sought."  *Castagnola v. Hewlett-Packard Co.*, No. 11-cv-05772, 2012 WL 2159385, at *5 (N.D. Cal. June 13, 2012) (dismissing claim for injunctive relief).  To establish standing for prospective injunctive relief, a plaintiff must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm coupled with a sufficient likelihood that he will again be wronged in a similar way.  *Id.*  The plaintiff must establish a "real or immediate threat" of repeated injury.  *Hodgers-Durgin*, 199 F.3d at 1042.

In false and misleading advertising cases, there is no likelihood of future injury if a plaintiff has no interest in purchasing the product at issue again because it does not work or does not perform as advertised.  *Racies v. Quincy Bioscience, LLC*, 15-cv-00292, 2015 WL 2398268, at *6 (N.D. Cal. May 19, 2015) (rejecting arguments about effective consumer projection because "state policy objective cannot trump the requirements of Article III"); *Delarosa v. Boiron, Inc.*, No. 10-cv-1569, 2012 WL 8716658, at *5-6 (C.D. Cal. Dec. 28, 2012) (dismissing plaintiff's claim, as required by Article III, where there was no likelihood of future injury to plaintiff)*; Castagnola*, 2012 WL 2159385, at *6 (dismissing injunctive relief claim because plaintiffs did not allege that they intended to purchase from defendant again and because they now had

knowledge of the true nature of the allegedly misleading statements); *Campion v. Old Rep. Home Protection Co., Inc.*, 861 F. Supp. 2d 1139, 1146-50 (S.D. Cal. 2012) (granting defendant's motion for summary judgment where plaintiff did not ever intend to purchase another of defendant's products).  "An interest in purchasing a product in the future, without more, isn't sufficient to establish standing if plaintiffs are not 'realistically threatened by a repetition of the violation.'"  *Lucas v. Jos. A. Bank Clothiers, Inc.*, No. 14-cv-1631, 2015 WL 2213169, at *4 (S.D. Cal. May 11, 2015).

In this case, Plaintiffs' own allegations establish that they will not again be wronged in a similar way as neither has any intention of buying any of Defendants' products again in the future.  Alvarez alleges he "purchased [the furniture] based on Defendants' representation that the DuraBlend® upholstery was made of a 'leather mix' designed to make the upholstery durable."  Compl. ¶ 6(b).  He discovered some two years later that the furniture "was peeling, causing pieces and particles of the top 'leather'-like layer to come off…"  *Id*. at ¶ 6(c).  He complained to Defendants and was repeatedly "turned away."  Id. at ¶¶ 6(d)-(f).  "To this day, Defendants have failed to provide any remedy for the monetary loss they cause Alvarez by selling him faulty furniture."  *Id*. at ¶ 6(g).

Similarly, Rico alleges that in or about the fall of 2014, she "discovered that the DuraBlend® upholstery on [the furniture] was peeling, causing pieces and particles of the top 'leather'-like layer to come off and exposing the underlying material, which was coarse in texture and off-white in color."  *Id*.  Rico alleges that in or about the spring of 2015, she complained to Defendants, but they refused to rectify the situation, and instead offered her gift cards worth $800 which she refuses to use.  *Id*. at ¶ 6(d)-(e).

Moreover, both Plaintiffs allege that they "would not have purchased [the furniture] had they know the concealed material facts" of which Plaintiffs now claim to be aware.  Compl. ¶52.  Thus, Plaintiffs' allegation that they will be "exposed" to

1  the same representations in the future does not establish likelihood of future injury.

2  The only harm Plaintiffs claim in this action is the money they spent in purchasing the

3  products. *See Lucas*, 2015 WL 2213169, at *5 (explaining plaintiffs' remedy is

4  limited to restitution of money spent on product); *Kwikset Corp. v. Superior Court*, 51

5  Cal. 4th 310, 3445 (2011) ("[T]he loss must be alleged by more than a simple

6  reference to the price the consumer paid for the product."). Mere exposure to the

7  products' labels does not present a "real or immediate" threat of future harm.

8  Moreover, Plaintiffs "cannot rely on the prospect of future injury to unnamed class

9  members if they cannot establish they have standing to seek injunctive relief."

10 *Castagnola*, 2012 WL 2159385, at *5. Because Plaintiffs will not purchase

11 Defendants' products again, the Court should dismiss or, in the alternative, strike for

12 lack of standing Plaintiffs' request for prospective injunctive relief on behalf of

13 themselves and the class.

14 **IV. Plaintiff Rico's Conclusory Fraud Allegations Fail to Meet the Heightened**

15 **Pleading Requirements of Rule 9(b)**

16 When claims are grounded in fraud, such as Plaintiffs' CLRA, UCL, False

17 Advertising Law, and fraudulent concealment claims here, Federal Rule 9(b) of Civil

18 Procedure applies. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

19 2009); *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

20 Rule 9(b) requires a plaintiff to plead fraud with particularity, including the "who,

21 what, when, where, and how" of the alleged misconduct, and to "'set forth what is

22 false or misleading about a statement, and why it is false.'" *Vess*, 317 F.3d at 1106

23 (citation omitted). Rule 9(b) applies to cases brought in federal courts, irrespective of

24 whether the substantive law is state or federal. *Id.* at 1102-03. Rule 9(b) also applies

25 equally to claims of fraud by nondisclosure and omission as it does to claims of fraud

26 by affirmative representations. *Kearns*, 567 F.3d at 1126-27.

27 Rico's allegations in support of her consumer protection and concealment

28 claims fall well short of satisfying Rule 9(b)'s heightened pleading requirement. Rico

does not allege she viewed or relied on *any* representations by Defendants prior to her purchase. *See generally*, Compl. ¶ 6. *Brazil v. Dole Food Co., Inc.,* 935 F. Supp. 2d 947, 964 (N.D. Cal. 2013) (motion to dismiss granted where plaintiff "does not allege that he personally saw and/or relied on any misleading advertisements or website statements in particular."); *see also Hall v. Sea World Entertainment, Inc.*, No. 15-cv-660, 2015 WL 9659911, at *3 (S.D. Cal. Dec. 23, 2015) ("'[A] UCL fraud plaintiff must allege he or she was motivated to act or refrain from action based on the truth or falsity of a defendant's statement . . . .'") (citation omitted); *Bruton v. Gerber Prods. Co.*, 12-cv-02412, 2014 WL 172111, at *7 (N.D. Cal. Jan. 15, 2014) ("[T]he misrepresentations must have 'played a substantial part' in the plaintiff's decision making.'") (citation omitted).  Because Rico does not identify a statement by Defendants, let alone allege that she acted based on the truth or falsity of such a statement, Rico's claims necessarily fail to meet the requirements of Rule 9(b).[3]

Plaintiff Rico's conclusory allegations fail to do what Rule 9(b) demands:  that Plaintiffs' fraud allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Kearns*, 567 F.3d at 1124.  Because Plaintiffs have failed to allege the "who, what, when, where, and how" of the alleged misconduct, their CLRA, UCL, FAL, and fraudulent concealment claims must be dismissed.  *See id.* at 1125.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss all of Plaintiff Rico's causes of action and Plaintiff Alvarez's Fifth (Unjust

---

[3] Although Defendants believe it is a close question whether Plaintiff Alvarez's sparse allegations that he "purchased Furniture 1 based on Defendants' representation that Durablend® upholstery was made of a 'leather mix,'" (Compl. ¶ 5(b)) meet Rule 9(b)'s pleading requirements, Defendants are mindful of the Court's decision in *Collazo v. Wen By Chaz Dean, Inc.*, No. 15-CV-01974-ODW-AGR, 2015 U.S. Dist. LEXIS 93474 (C.D. Cal. July 17, 2015).

1  Enrichment) and Sixth (Breach of Implied Warranty of Merchantability) Causes of

2  Action and dismiss or strike Plaintiffs' request for injunctive relief.

3

4  February 4, 2016                           Respectfully submitted,

5                                             **SIDLEY AUSTIN LLP**

6                                             By:/s/ Mark D. Campbell
                                                   Mark D. Campbell
7                                                  Attorneys for Defendants
                                                   Ashley Furniture Industries, Inc. and
8                                                  Ashley HomeStores, Ltd.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28