| | |
|---|---|
| 1 | Mark D. Campbell, SBN 180528 |
| | mcampbell@sidley.com |
| 2 | Rachel A. Straus, SBN 268836 |
| | rstraus@sidley.com |
| 3 | SIDLEY AUSTIN LLP |
| | 555 West Fifth Street, Suite 4000 |
| 4 | Los Angeles, CA  90013 |
| | Tel. (213) 896-6000 |
| 5 | Fax: (213) 896-6600 |
| 6 | Attorneys for Defendants Ashley Furniture |
| | Industries, Inc. and Ashley HomeStores, Ltd. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUAN ALVAREZ, an individual, on behalf of himself and all others similarly situated; SILVIA RICO, an individual, on behalf of herself and all others similarly situated, | Case No. CV 16-00630 MWF (MRWx) |
| | **DEFENDANTS ASHLEY FURNITURE INDUSTRIES, INC. AND ASHLEY HOMESTORES, LTD.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| v. | |
| ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; ASHLEY HOMESTORES, LTD., a Wisconsin corporation; and DOES 1 through 100, inclusive, | Complaint Filed:   December 22, 2015 |
| Defendants. | |

Defendants Ashley Furniture Industries, Inc. and Ashley HomeStores, Ltd (collectively, "Defendants") hereby respond to Plaintiffs Juan Alvarez and Silvia Rico's First Amended Complaint ("FAC") as follows:

## JURISDICTION AND VENUE

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

## PLAINTIFFS

3. Defendants admit that Plaintiffs purport to represent a class comprised of "all persons who purchased furniture with Durablend® upholstery from Defendants in California" but deny that a class action is appropriate.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and deny that a class action is appropriate.

5. Plaintiff Juan Alvarez

   a. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(a).

   b. Defendants deny the truth of the allegations contained in paragraph 5(b).

   c. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(c).

   d. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(d).

   e. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(e).

   f. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(f).

   g. Defendants deny Mr. Alvarez is entitled to any remedy related to his claims in this action.

6. Plaintiff Silvia Rico

    a. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6(a).

    b. Defendants admit that in or about July 2011, Plaintiff Rico purchased a reclining loveseat and sofa with brown DuraBlend® upholstery. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6(b).

    c. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6(c).

    d. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6(d).

    e. Defendants admit that in or about the spring of 2015, someone purporting to be Ms. Rico complained to Defendants about her Durablend furniture®. Defendants further admit they sent Ms. Rico $800 worth of gift cards. Defendants deny the remaining allegations contained in paragraph 8(e).

    f. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6(f).

## CLASS ALLEGATIONS

7. Paragraph 7 states legal conclusions not requiring a response by Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 7 and deny that a class action is appropriate.

8. Paragraph 8, including subparts a-g, states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 8, including subparts a-g, and deny that a class action is appropriate.

## DEFENDANTS

9. Paragraph 9 states a legal conclusion not requiring a response by Defendants. To the extent a response is required, Defendants admit the allegations

contained in paragraph 9.

10. Paragraph 10 states a legal conclusion not requiring a response by Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Paragraph 13 states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 13 and deny they are liable to Plaintiffs and the putative class members for any loss alleged in this action.

## BACKGROUND ALLEGATIONS

14. Defendants deny the allegations contained in paragraph 14 as they pertain to Ashley HomeStores, Ltd. As to the second sentence of paragraph 14, Defendants admit Ashley Furniture Industries, Inc. was established in 1945 and is one of the largest manufacturers of furniture in the world. Defendants deny the remaining allegations contained in the second sentence of paragraph 14.

15. Defendants admit that in or about April of 2008, they began incorporating an upholstery product into some of its furniture, including sofas, loveseats, sectionals, and ottomans, which they marketed under the trade name Durablend® and at times marketed Durablend® as "blended leather." As to the remaining allegations contained in paragraph 15, the Wikipedia entry speaks for itself but Defendants deny that Wikipedia is an authoritative source on this issue.

16. Defendants deny the allegations contained in the first sentence of paragraph 16. As to the second sentence of paragraph 16, Defendants admit that at times they marketed the Durablend® upholstery as "blended leather." Defendants deny that they failed to disclose that Durablend® was not real leather and that they failed to comply with any applicable disclosure requirements, including the

3
**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

requirements that they disclose the percentage of non-leather substances contained in Durablend®. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Durablend® "appeared to be leather to a reasonable consumer." Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 16. To the extent, the last sentence of paragraph 16 is suggesting Defendants failed to disclose the "true nature, content or quality of Durablend®, Defendants deny those allegations.

## TOLLING OF STATUTES OF LIMITATION

17. The first sentence of Paragraph 17 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 17 and deny that the applicable statutes of limitations have been tolled. Defendants deny the allegations contained in the second sentence of paragraph 17.

18. The first sentence of paragraph 18 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 18. Defendants deny the allegations contained in the second sentence of paragraph 18. As to the third sentence of paragraph 18, Defendants admit that at times they marketed Durablend® upholstery as "blended leather." Defendants deny that they failed to disclose that Durablend® was not real leather and that they failed to comply with any applicable disclosure requirements, including the requirements that they disclose the percentage of non-leather substances contained in Durablend®. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Durablend® "appeared to be leather to a reasonable consumer."

19. Paragraph 19 calls for legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 19 and deny that they are "estopped from relying

4

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

on any statutes of limitation in defense of this action " and that any statutes of limitation have been tolled for any reason.

## FIRST CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
### [Civil Code §§1750, et seq.]
### (By Plaintiffs and the Class Against All Defendants

20. Defendants incorporate by reference its responses to all previous paragraphs.

21. Dependents admit that Plaintiffs purport to bring a claim under the Consumer Legal Remedies Act ("CLRA"). Whether "Defendants actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods to consumers" is a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny that Plaintiffs have any basis to pursue a CLRA claim.

22. Paragraph 22 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs have any basis to pursue a CLRA claim.

23. Paragraph 23 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs have any basis to pursue a CLRA claim.

24. Paragraph 24, including subparts a-d, states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 24, including subparts a-d.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants admit that Plaintiffs purport to seek the order described in the first sentence of paragraph 27. Defendants deny that Plaintiffs are entitled to such an order. Defendants deny the remaining allegations contained in paragraph 27.

28. Defendants are without sufficient knowledge or information to

form a belief as to the truth of the allegations contained in paragraph 28 but Defendants deny Plaintiffs have any basis to pursue any relief under the CLRA.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNFAIR COMPETITION LAW
### [Bus & Prof. Code §§17200, *et seq*.]
### (By Plaintiffs and the Class Against All Defendants

29. Defendants incorporate by reference its responses to all previous paragraphs.

30. Paragraph 30 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs have any basis to pursue a claim under Business and Professions Code §§17200, et seq. ("UCL").

31. Paragraph 31 states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 31 and deny Plaintiffs have any basis for pursuing a UCL claim.

32. Paragraph 32 states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32 and deny they have violated the UCL.

33. Paragraph 33 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained n Paragraph 33 and deny they have violated the UCL.

34. Paragraph 34 states legal conclusions and a purported citation of a portion of 24.2 of Title 16 of the Code of Federal Regulations (16 C.F.R. § 24.2), which do not require a response from Defendants To the extent a response is required, Defendants deny the allegations contained in paragraph 34 and deny they violated 16 C.F.R. § 24 or the unlawful prong of the UCL.

35. Paragraph 35 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the

allegations contained in Paragraph 35 and deny they violated the UCL.

36. Paragraph 36 states legal conclusions not requiring a response from Defendants  To the extent a response is required, Defendants deny the allegations contained in paragraph 36 and deny they violated or continue to violate the UCL.

37. Paragraph 37 states legal conclusions not requiring a response from Defendants.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 and deny Plaintiffs and the putative class have suffered injury in fact and lost money or property due to any of the business practices alleged in the FAC.

38. Defendants admit Plaintiffs purport to seek the order described in paragraph 38.  Defendants deny that Plaintiffs are entitled to such an order.

39. Defendants admit Plaintiffs purport to seek the order described in paragraph 39.  Defendants deny Plaintiffs are entitled to such an order.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE FALSE ADVERTISING LAW
### [Bus. & Prof. Code §§17500, *et seq.*]
### (By Plaintiffs and the Class Against All Defendants

40. Defendants incorporate by reference its responses to all previous paragraphs.

41. Paragraph 41 purports to quote a portion of Bus. & Prof. Code §§ 17500 ("FAL") . The FAL speaks for itself and no response is required from Defendants.

42. Defendants deny the allegations contained in paragraph 42.

43. Paragraph 43 states legal conclusions not requiring a response from Defendants.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 43 and deny they violated the FAL.

44. Defendants deny the allegation contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

7
**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

46. Defendants admit that Plaintiffs purport to seek the orders or judgments described in paragraph 46. Defendants deny Plaintiffs are entitled to any such orders and judgments.

### FOURTH CAUSE OF ACTION
### FRAUD BY CONCEALMENT
**(By Plaintiffs and the Class Against All Defendants)**

47. Defendants incorporate by reference its responses to all previous paragraphs.

48. Defendants admit that they knew "at all material times the true content of the Durablend® upholstery in the Class Furniture" and that it was not 100% leather. Defendants deny the remaining allegations contained in paragraph 48, including that they knew at all material times that the Class Furniture was not "durable" and "that it failed to be of such nature and quality as to hold up to normal wear and tear and not begin to peel or disintegrate within a short period of time after purchase."

49. Defendants deny that it was not known or reasonably known to Plaintiffs and putative class members that Durablend® upholstery was not leather. Defendants incorporate their response to Paragraph 48, and to the extent applicable, deny the remaining allegations contained in Paragraph 49.

50. Defendants deny that they concealed that the Durablend® furniture was not "leather." Defendants incorporate their response to Paragraph 48, and to the extent applicable, deny the remaining allegations Contained in paragraph 50.

51. Paragraph 51 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs and the other members of the class relied upon. Defendants deny all other allegations contained in paragraph 52, including that they made any

8
**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

representations that were untrue or incomplete and that they intended to defraud Plaintiffs and the putative class members.

53. Defendants deny the allegations contained in paragraph 53 and deny that Plaintiffs are entitled to any damages.

54. Defendants deny the first two sentences of Paragraph 54. The third sentence of paragraph 54 calls for a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 54 and deny that Plaintiffs are entitled to an award of punitive damages.

## FIFTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## [COM. CODE § 2314]
**(By Plaintiffs and the Class Against All Defendants**

55. Defendants incorporate by reference its responses to all previous paragraphs.

56. Paragraph 56 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs have any basis to pursue a claim under Com. Code § 2314.

57. Paragraph 57 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs have any basis to pursue a claim under Com. Code § 2314.

58. Defendants deny the allegations contained in Paragraph 58.

59. Paragraph 59 states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 59.

60. Paragraph 60 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 60 and deny Plaintiffs are entitled to any relief pursuant to Com Code § 2314.

9
**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

# SIXTH CAUSE OF ACTION
# BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
[Civ. Code § 1790, *et seq.*]
**(By Plaintiffs and the Class Against All Defendants**

61. Defendants incorporate by reference its responses to all previous paragraphs.

62. Paragraph 62 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief pursuant to Civ. Code § 1790 *set seq*.

63. Paragraph 63 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 63 and deny Plaintiffs are entitled to any relief pursuant to Civ. Code § 1790 *set seq*.

64. Paragraph 64 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief pursuant to Civ. Code § 1790 *et seq*.

65. Paragraph 65 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief pursuant to Civ. Code § 1790 *et seq*.

66. Paragraph 66 quotes Civ. Code § 1790 *et seq.*, which speaks for itself and does not require a response from Defendants.

67. Paragraph 67 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 67 and deny Plaintiffs are entitled to any relief pursuant to Civ. Code § 1790 *et seq*.

68. Paragraph 68 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 68 and deny Plaintiffs are entitled to any relief pursuant to Civ. Code § 1790 *et seq*.

69. Paragraph 69 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 69, including denying that the Class Furniture was not adequately labeled and that they violated 16 C.F.R. § 24.29(f)(2) and (g).

70. Paragraph 70 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 70, including denying that the Class Furniture was not adequately labeled and therefore inherently defective.

71. Paragraph 71 states legal conclusions not requiring a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in paragraph 71 and deny that Plaintiffs and the putative class have been damaged by any business practice alleged in the FAC.

72. Paragraph 72 states a legal conclusion not requiring a response from Defendants. To the extent a response is required, Defendants deny Plaintiffs are entitled to the relief requested in paragraph 72.

## PRAYER FOR RELIEF

73. Defendants deny Plaintiffs are entitled to any of the relief requested in Plaintiffs' Prayer paragraphs 1-7.

## GENERAL DENIAL

74. Defendants deny each and every allegation of the FAC not specifically admitted herein.

## FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION

75. The FAC fails to state a claim against Defendants upon which relief can be granted, and therefore ought to be dismissed.

## FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION

76. The FAC fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be

prosecuted as a class action; and otherwise fails to satisfy the requirements of Federal Rule of Civil Procedure 23.

### FOR A FOURTH DEFENSE TO ALL CAUSES OF ACTION

77. Some or all of the claims in the FAC, including claims made on behalf of Plaintiffs and the putative class, are barred by the applicable statutes of limitations.

### FOR A FIFTH DEFENSE TO ALL CAUSES OF ACTION

78. Some or all of the claims in the FAC, including claims made on behalf of the putative class, are barred because the named Plaintiffs and/or members of the putative class lack standing.

### FOR A SIXTH DEFENSE TO ALL CAUSES OF ACTION

79. Plaintiffs' claims are barred because Defendants business practices, as alleged in the FAC, are not unlawful or deceptive.

### FOR A SEVENTH DEFENSE TO ALL CAUSES OF ACTION

80. The injuries sustained or the expenses incurred by Plaintiffs, if any, were proximately and actually caused, in whole or in part, by the acts or omissions on the part of Plaintiffs and/or others for whose conduct Defendants are not responsible.

### FOR AN EIGHTH DEFENSE TO ALL CAUSES OF ACTION

81. If Plaintiffs, or any putative class member, were damaged in any manner whatsoever, or at all, then said damages, if any, or the whole thereof, were and are a result of the failure of Plaintiffs or the putative class member to mitigate their damages.

### FOR A NINTH DEFENSE TO ALL CAUSES OF ACTION

82. Plaintiffs' claims to equitable remedies are barred in light of the fact that Plaintiffs and the putative class have an adequate remedy at law.

### FOR A TENTH DEFENSE TO ALL CAUSES OF ACTION

83. Some or all of the claims made in the FAC, including claims made on behalf of the putative plaintiff class, are barred by the doctrines of waiver and

estoppel.

## FOR A ELEVENTH DEFENSE TO ALL CAUSES OF ACTION

84. Defendants have not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations. Defendants intend to act as best they can to inform themselves of the pertinent facts and circumstances surrounding any reported damage to Plaintiffs as alleged in the FAC, and give notice of their intent to assert any further affirmative defenses that the information gathering process may indicate is supported by fact and law. Defendants thus reserve the right to amend this Answer and assert such defenses.

**WHEREFORE**, having fully answered the FAC, Defendants pray that the FAC be dismissed with prejudice and for such other and further relief as the Court may deem just and proper.

March 28, 2016

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: _Mark D. Campbell____
Mark D. Campbell
Attorneys for Defendants
Ashley Furniture Industries, Inc. and
Ashley HomeStores, Ltd.